IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| vs. | ) | |
| | ) | |
| OLIFANT USA INC., and | ) | |
| DRINKS AMERICA, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

## CIVIL COMPLAINT FOR MONEY DAMAGES

NOW COMES, Wenneker Distilleries ("Wenneker") by and through its attorneys, Bernstein Law Firm, P.C., and for its Civil Complaint for Money Damages against Olifant USA, Inc. ("Olifant") and Drinks America, Inc. ("Drinks") states as follows:

### PARTIES

1. Wenneker is a company located in the Netherlands, having a principal place of business at Badhuisstraat 18, 4703 BH Roosendaal, The Netherlands.

2. Olifant is a Pennsylvania corporation, having had its principal place of business at P. O. Box 1259, Camp Hill, Cumberland County, Pennsylvania 17001.

3. Drinks is a corporation with a principal place of business and mailing address of 372 Danbury Road Suite 163, Wilton, CT 06897.

### JURISDICTION AND VENUE

4. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00, and jurisdiction of this Honorable Court is based on diversity of citizenship on the facts recited above. 28 U.S.C. § 1332.

5. Venue is proper in the United States District Court for the Middle District of Pennsylvania because this is where the transactions and occurrences that give rise to the cause of action have taken place.

### COUNT I – BREACH OF CONTRACT – OLIFANT USA, INC.

6. Wenneker incorporates herein by reference thereto each and every of the preceding paragraphs of this Complaint as if the same were more fully set forth herein

370179
5/24/2011

7. At the special instance and request of Olifant, Wenneker sold and delivered to Olifant certain goods, wares and merchandise, at the times, in the amounts and for the prices set forth in the Wenneker's invoices, true and correct copies of which are attached hereto, marked Exhibit "1" collectively, and made a part hereof.

8. Olifant received duplicates or copies of said invoices in the ordinary course of Wenneker's business.

9. Olifant received and accepted the aforementioned goods, wares and merchandise.

10. The prices charged by Wenneker were the fair, reasonable, and market prices that prevailed at the times of the transactions.

11. The prices charged by Wenneker were the prices that Olifant agreed to pay.

12. Wenneker avers that the balance due and owing to Wenneker for the goods, wares and merchandise supplied amounts to $225,894.34, as is more specifically shown by Wenneker's Statement of Account, a true and correct copy of which is attached hereto, marked Exhibit "2," and made a part hereof.

13. Wenneker avers legal interest at the rate of six percent (6%) per annum on the liquidated debt from July 31, 2008.

14.. Although repeatedly requested to do so by Wenneker, Olifant has willfully failed and refused to pay the aforesaid balance, finance charges, or any part thereof to Plaintiff.

WHEREFORE, Wenneker demands Judgment against Olifant in the amount of $225,894.34, with legal interest at the rate of six percent (6%) per annum from July 31, 2008, plus continuing interest and costs.

### COUNT II -- UNJUST ENRICHMENT - DRINKS AMERICA, INC.

15. Wenneker incorporates herein by reference thereto each and every of the preceding paragraphs of this Complaint as if the same were more fully set forth herein.

16. On or about January 15, 2009, Olifant and Drinks entered into a Stock Purchase Agreement ("Agreement") with Jack McKenzie and Paul Walraven whereby Drinks would purchase all outstanding shares of capital stock of Olifant for the purchase price of $1,200,000.00. A true and correct copy of the Stock Purchase Agreement is attached hereto, marked Exhibit "3," and made a part hereof.

17. Pursuant to the Agreement, Drinks was to pay all of outstanding invoices owed to Wenneker, as identified on Exhibit C of the Agreement.

370179
5/24/2011

18.   Drinks has received and benefited from the goods provided by Wenneker to Olifant in that Drinks purchase price under the Agreement was discounted to account for Drinks assumption of the liability owed to Wenneker.

19.   Drinks has been unjustly enriched to Wenneker's detriment as a result of Drinks' failure to pay the outstanding invoices owed by Olifant.

20.   Equity dictates that Drinks must pay Wenneker the value of the goods that Olifant received from Wenneker because Drinks received a cash equivalent benefit from the purchase price in the Agreement.

WHEREFORE, Wenneker demands Judgment against Drinks in the amount of $225,894.34, with legal interest at the rate of six percent (6%) per annum from July 31, 2008, plus continuing interest and costs.

Respectfully submitted,

BERNSTEIN LAW FIRM, P.C.

By: /s/ Shawn P. McClure
Shawn P. McClure, Esquire
Attorney for Plaintiff
PA ID #205951
707 Grant Street
Suite 2200 Gulf Tower
Pittsburgh, PA  15219
Phone: (412) 456-8110
Fax:  (412) 456-8269
Email: smcclure@bernsteinlaw.com

**BERNSTEIN FILE NO. C0074797**