# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | : | CIVIL ACTION NO.: 11-1010 |
| | : | (HON. YVETTE KANE, C.J.) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OLIFANT USA, INC., ET AL. | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

## ORDER

AND NOW this _____ day of _____, 2011, upon consideration of Defendant, Drinks America, Inc.'s Motion to Dismiss Plaintiff's Complaint, and any response thereto, it is hereby ORDERED and DECREED that Defendant's Motion is GRANTED, and Drinks America, Inc. is DISMISSED, with prejudice.

_____
Yvette Kane                                                      ,J.

### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | : | CIVIL ACTION NO.: 11-1010 |
| | : | (HON. YVETTE KANE, C.J.) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OLIFANT USA, INC., ET AL. | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

### DEFENDANT, DRINKS AMERICA, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Incorporating by reference its attached Memorandum of Law, Defendant, Drinks America, Inc., requests this Honorable Court dismiss said Defendant, with prejudice.

WHEREFORE, Defendant, Drinks America, Inc., requests this Honorable Court grant Defendant's Motion to Dismiss thereby dismissing Defendant, with prejudice.

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | : | CIVIL ACTION NO.: 11-1010 |
| | : | (HON. YVETTE KANE, C.J.) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OLIFANT USA, INC., ET AL. | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, DRINKS' AMERICA,
INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.   Operative Facts**

On or about January 15, 2009, co-defendant, Olifant, and Movant-defendant, Drinks, entered into a stock purchase agreement whereby Drinks would purchase all outstanding shares of stock of Olifant. (Plaintiff's Complaint, ¶ 16). Pursuant to the agreement, Drinks was to pay Olifant the outstanding invoices owed to Plaintiff, Wenneker. (¶ 17).

**These are the only facts alleged by Plaintiff to support Plaintiff's only Count – Unjust Enrichment – against Movant, Drinks.**

**II.   Standard**

In Iqbal, the United States Supreme Court made it clear that in all civil actions in Federal Court, the Complaint "must contain 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009); Fowler v. UPMC Shadyside, 578 F.3d 203 (C.A.3 2009) (quoting Iqbal, at 1950). Thus, "it is clear that conclusory or 'bare-bones' allegations will no longer survive a Motion to Dismiss." Fowler, at 211.

"Where the well-pled facts do not permit the court to infer more than a mere possibility of misconduct, the Complaint has alleged – but it has not 'show[n]' thus 'that the pleader is

entitled to relief.'" Iqbal, at 1949 (quoting FRCP 8(a)(2)). To satisfy the requirement of FRCP 8(a)(2), that a Plaintiff include a short and plain statement of the facts showing that the pleader is entitled to relief, a Plaintiff must aver sufficient factual allegations which "nudge" its claims "across-the-line from conceivable to plausible." Iqbal, at 1951.

A court must not accept bold assertions, unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations. *See*, In re Rockefeller Ctr. Props., Inc. Sec. Litig, 311 F.3d 198, 215 (C.A.3 2002); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (C.A.3 1997).

As to Movant-Drinks, Plaintiff's Complaint woefully fails to meet the pleading standards set forth above.

### III.  Argument

Without any specificity, Wenneker avers, only, Drinks was to pay Olifant's invoices owed to Wenneker pursuant to a stock purchase agreement between Olifant and Drinks.

In making these conclusory allegations, Wenneker merely references its Complaint's attached Exh. 3(C).

First and foremost, these two (2) factual averments are merely conclusory. Notwithstanding, by merely referencing Exh. 3(C), Plaintiff requires this Honorable Court make unfounded legal conclusions after impermissible culling of the unreferenced pertinent provisions apparently therein.

Even if this Honorable Court were to engage Wenneker's oblique document references towards an unspecified legal conclusion after review of only these two (2) conclusory factual allegations (all impermissible), this Honorable Court would, respectfully, only then come to the

conclusion that <u>Drinks</u> *presumably* reached a stock purchase agreement with <u>Olifant</u>; however, this instant action is not an action by Olifant against Drinks (nor is breach of contract alleged).

Regardless that Plaintiff's Complaint does not even come close to meeting the *Iqbal* standard, there is not even pleaded any wrongful conduct by Drinks against Plaintiff.

On its face, Plaintiff's Complaint should be dismissed as to Drinks.

If this Honorable Court were to hold Plaintiff's Complaint well-pleaded against Drinks (respectfully, denied), Plaintiff fails to state a cause of action upon which relief may be granted.

However conclusory (¶¶ 18-20), Plaintiff seems to be making some form of third-party beneficiary unjust enrichment claim. While Plaintiff's Complaint was not factually pleaded, Drinks will nonetheless alternatively argue the futility of same.

To be considered a third-party beneficiary, "it is necessary to show both parties to the contract having intent to benefit the third party through the contract and did, in fact, explicitly indicate this intent in the contract." <u>Ira G. Steffy & Son, Inc. v. Citizen's Bank of Pennsylvania</u>, 7 A.3d 278 (Pa. Super. 2010) (quoting <u>Strutz v. State Farm Mut. Ins. Co.</u>, 609 A.2d 569, 570 (Pa. Super. 1992)). To sustain a claim of unjust enrichment, a claimant must show that the party against whom recovery is sought either "wrongfully secured or passively received a benefit that would be unconscionable for her to retain."" <u>Nar-Paul Co. v. Jim Thorpe Area School Dist.</u>, 2008 WL 6478564 (Pa. Com. Pl. 2008) (quoting <u>Torchia v. Torchia</u>, 499 A.2d 581, 582 (Pa. Super. 1985)).

Plaintiff factually pleads none of these elements – nor can they be pleaded.

**IV.    Conclusion**

All allegations pleaded against Drinks do not meet FRCP 8's pleading standard per <u>Iqbal</u>. Wenneker's Complaint is the definition of "bare-bones" with, as to Movant, only conclusory

allegations requiring unspecified contractual interpretation leading to impermissible conclusions of law.  Simply, this is specifically the type of Complaint prohibited by the above standard.

In the alternative, even if a third-party beneficiary relationship for unjust enrichment were well-pleaded, Plaintiff's like pleading would be required to be dismissed per FRCP 12(b)(6): none of the elements to plead such a cause of action are present.

Simply, it appears Olifant owes Plaintiff money.  It also appears Drinks owes Olifant money.  However, there is no bridge linking Drinks to Wenneker.

WHEREFORE, Defendant, Drinks America, Inc., requests this Honorable Court grant Defendant's Motion to Dismiss thereby dismissing Defendant, with prejudice.

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | : | CIVIL ACTION NO.: 11-1010 |
| | : | (HON. YVETTE KANE, C.J.) |
| Plaintiff, | : | |
| v. | : | |
| OLIFANT USA, INC., ET AL. | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

### CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 15th day of August, 2011, a true and correct copy of the foregoing Defendant, Drinks America, Inc.'s Motion to Dismiss Plaintiff's Complaint and Memorandum of Law in support thereof via ECF and regular mail, upon the following parties:

Bernstein Law Firm, P.C.
707 Grant Street, Suite 2200
Gulf Tower
Pittsburgh, PA 15219
C/o Shawn McClure

Olifant USA, Inc.
P.O. Box 1259
Camp Hill
Cumberland County, PA 17001

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs