IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WENNEKER DISTILLERIES,** : | |
|     **Plaintiff** : | |
| : | **Civil Action No. 1:11-cv-01010** |
| v. : | **(Chief Judge Kane)** |
| : | |
| **OLIFANT USA INC., and** : | |
| **DRINKS AMERICA, INC.,** : | |
|     **Defendants** : | |

### MEMORANDUM ORDER

Presently pending before the Court is Plaintiff's motion for default judgment. (Doc. No. 19.) Defendant Olifant USA Inc. ("Olifant") was served on July 14, 2011 (Doc. No. 6); however, to date, Olifant has failed to enter an appearance. Plaintiff requested the Clerk of Court to enter default on September 27, 2011 (Doc. No. 17), and the Clerk entered default on September 28, 2011 (Doc. No. 18). Also on September 28, 2011, Plaintiff moved for the Clerk to enter default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1).[1] (Doc. No. 19.) Accompanying Plaintiff's request was an affidavit, stating that the amount due to Plaintiff is $268,003.52. (Doc. No. 19 at 1-2.) However, Plaintiff does not set forth any facts clearly establishing the appropriateness of its requested amount in an affidavit or other evidence. Accordingly, the Court construes the motion as one made pursuant to Rule 55(b)(2) because

---

[1] Federal Rule of Civil Procedure 55(b)(1) provides:

> If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Plaintiff's request does not fall within the "sum certain" category required by Rule 55(b)(1).[2]

As damages, Plaintiff claims to be entitled to an award of $268,003.52, consisting of $225,894.34 in unpaid invoices and $42,109.18 in interest. (Doc. No. 19 at 2.) Although Plaintiff has submitted eighteen pages of invoices and a "Statement of Account," purportedly summarizing the amounts of those invoices, the Court's review of the documents reveals that the invoices are extremely difficult, if not impossible, to decipher and that the "Statement of Account" includes varying total amounts, none of which equal $225,894.34. (Doc. Nos. 1-2, 1-3.) Because these documents do not set forth a claim capable of mathematical computation, the Court finds that Plaintiff is not entitled to the asserted amount due with certainty. Therefore, Plaintiff will be required to submit further evidence in support of the requested amount of damages and interest.

While Plaintiff has not adequately supported its claim for the requested amount of damages and interest, the Court does not find that a hearing is necessary under Rule 55(b)(2)(B) to determine the amount of damages due because the requested amounts are likely to be computable after Plaintiff submits legible documentary evidence. See 10 James Wm. Moore, et al., Moore's Federal Practice § 55.32[2][c] (Matthew Bender ed. 2010) ("[T]he court need not hold an evidentiary hearing with oral testimony. Rather, the 'hearing' may be one in which the [court] asks the parties to submit affidavits and other materials from which the court can decide the issue."). As such, Plaintiff will be required to submit legible copies of the invoices it previously submitted as well as any further evidence necessary to support its claimed damages.

---

[2] Plaintiff's request does not fall within the "sum certain" category of Rule 55(b)(1) because, as discussed infra, there is "doubt as to the amount to which . . . [P]laintiff is entitled to as a result of" Defendant's default." KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 19 (1st Cir. 2003).

If Plaintiff is unable to adequately support its claims with further documentary submissions, the Court will schedule an evidentiary hearing on the matter.

**ACCORDINGLY**, on this 26th day of October 2011, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for entry of default judgment (Doc. No. 19) is **CONSTRUED** as an application for default judgment pursuant to Rule 55(b)(2).

2. Within fifteen (15) days of this order, Plaintiff **SHALL SUBMIT** a supplemental affidavit further documenting and supporting its damage and interest claims in support of the motion for default judgment. Plaintiff **SHALL ALSO** provide legible copies of the eighteen pages of invoices previously attached as Exhibit 1 to its complaint as well as an explanation of the total amounts listed in its "Statement of Account" previously attached as Exhibit 2 to its complaint. These copies, and any other relevant documentary evidence, **SHALL BE** attached as exhibits to the supplemental affidavit.

3. Within fifteen (15) days of this order, Plaintiff **SHALL SUBMIT** a brief in support of its motion for default judgment pursuant to Local Rule 7.5.

        S/ Yvette Kane
        Yvette Kane, Chief Judge
        United States District Court
        Middle District of Pennsylvania