# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | : | CIVIL ACTION NO.: 11-1010 |
| | : | (HON. YVETTE KANE, C.J.) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OLIFANT USA, INC., ET AL. | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

## ORDER

AND NOW this _____ day of _____, 2011, upon consideration of Plaintiff's Motion to Amend Complaint, and Defendant, Drinks' Response in opposition thereto, it is hereby ORDERED and DECREED that Plaintiff's Motion is DENIED.

**AND IT IS SO ORDERED.**

_____
Yvette Kane                              ,J.

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | : | CIVIL ACTION NO.: 11-1010 |
| | : | (HON. YVETTE KANE, C.J.) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OLIFANT USA, INC., ET AL. | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

**DEFENDANT, DRINKS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

Incorporating by reference Defendant, Drinks' attached Memorandum of Law, Defendant requests this Honorable Court deny Plaintiff's Motion to Amend.

WHEREFORE, Defendant, Drinks' respectfully requests this Honorable Court deny Plaintiff's Motion to Amend.

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | : | CIVIL ACTION NO.: 11-1010 |
| | : | (HON. YVETTE KANE, C.J.) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OLIFANT USA, INC., ET AL. | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, DRINKS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND

In violation of Twombly/Iqbal, Plaintiff's proposed Amended Complaint as to Defendant, Drinks contains solely inadmissible conclusory allegations and conclusions of law unsupported by any specific facts which would enable Plaintiff's Complaint to be deemed pleading the elements of its causes of action or FRCP 8 compliant.

Specifically, Plaintiff avers Defendant unjustly enriched and Plaintiff as a third-party beneficiary. In its proposed ¶¶16-17, Plaintiff avers Defendant, Olifant, and Drinks parties to a Stock Purchase Agreement ("SPA") for the purchase of all outstanding shares of capital stock of Olifant whereby Drinks was to pay all outstanding invoices owed to Plaintiff. Plaintiff does not cite to the provisions of the SPA nor are Plaintiff's claimed outstanding invoices legible (as Clerk directed) so as to enable Drinks an adequate response to Plaintiff's claim.

In support of these blanket allegations, Plaintiff, via its proposed ¶¶18-20, claims, without any factual support, makes legal conclusions that, in part, make no sense (i.e., "… Drinks' purchase price under the agreement was discounted to account for Drinks' assumption of liability owed to Wenneker") – and, are all inadmissible conclusory factual allegations and conclusions of law.

Simply, Plaintiff does not factually aver the elements of unjust enrichment for which it claims liability against Drinks. Substantially repeating, Plaintiff claims Drinks third-party liable to Plaintiff by its count III. Plaintiff implicitly makes the impermissible global legal conclusion that because Co-defendants were parties to the SPA that somehow engenders liability from Drinks to Plaintiff.

Notwithstanding that Plaintiff fails to factually illucidate the elements of unjust enrichment and third-party beneficiary, Plaintiff refuses (despite Defendant's prior Motion to Dismiss so indicating) to factually identify, among others:

1. What provision within the SPA requires Drinks to purchase all outstanding shares of capital stock of Olifant;

2. What provision within the SPA requires Drinks to pay all outstanding invoices owed to Plaintiff;

3. How has Drinks received and benefited from the goods provided by Plaintiff;

4. What goods were provided by Wenneker;

5. What discount was received by Drinks and why;

6. How has Drinks been unjustly enriched;

7. What is Wenneker's detriment;

8. Why does equity dictate Drinks must pay Wenneker the value of goods that Olifant received from Wenneker;

9. What is the "cash equivalent benefit from the purchase price in the agreement";

10. Why is Wenneker an intended third-party beneficiary of the agreement;

11. Where does it expressly state in the agreement that Wenneker is an intended third-party beneficiary of the agreement?

        12.      Why is Drinks liable to Plaintiff per an agreement between Drinks and Olifant?

Simply, Plaintiff's proposed Amended Complaint is effectively a restatement of its original Complaint – all in conclusory form without factually meeting the necessary elements of the causes of action it brings against Drinks.

Plaintiff's proposed Amended Complaint's baldness and admitted illegibility vis-à-vis its claimed invoices is compounded by Plaintiff's derogation of this Honorable Court's Rule, Orders, applicable law with regards to pleading, and the Federal and Local Rules of Civil Procedure. (Prior filings incorporated by reference).

To avoid unnecessary repetition, Defendant incorporates by reference its prior Motion to Dismiss as if fully set forth at length herein.

Respectfully, frankly, nothing more need be argued. Plaintiff's Motion to Amend should be denied. Defendant should be dismissed.

WHEREFORE, Defendant, Drinks' respectfully requests this Honorable Court deny Plaintiff's Motion to Amend.

                                          **WEISBERG LAW, P.C.**

                                          /s/ Matthew B. Weisberg
                                          Matthew B. Weisberg, Esquire
                                          Attorney for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT FOR THE
### MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | : | CIVIL ACTION NO.: 11-1010 |
| | : | (HON. YVETTE KANE, C.J.) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OLIFANT USA, INC., ET AL. | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

### CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 9th day of November, 2011, a true and correct copy of the foregoing Defendant, Drinks' Response in Opposition to Plaintiff's Motion to Amend and Memorandum of Law in support thereof was served via ECF and regular mail, respectively, upon the following parties:

Bernstein Law Firm, P.C.
707 Grant Street, Suite 2200
Gulf Tower
Pittsburgh, PA 15219
C/o Shawn McClure

Olifant USA, Inc.
P.O. Box 1259
Camp Hill
Cumberland County, PA 17001

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs