IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WENNEKER DISTILLERIES,<br>    Plaintiff | :<br>: |
| | :   Civil Action No. 1:11-cv-01010 |
| v. | :   (Chief Judge Kane) |
| | : |
| OLIFANT USA, INC., and<br>DRINKS AMERICA, INC.,<br>    Defendants | :<br>:<br>: |

### MEMORANDUM ORDER

Presently pending before the Court is Plaintiff's motion for leave to amend its complaint (Doc. No. 26), and Defendant Drinks America, Inc.'s motion to dismiss (Doc. No. 10). For the reasons that follow, the Court will grant Plaintiff's motion and deny Defendant's motion as moot.

**I.     BACKGROUND**

On August 15, 2011, Defendant filed a motion to dismiss Plaintiff's complaint and a brief in support. (Doc. No. 10.) Plaintiff failed to file a brief in opposition to Defendant's motion within fourteen days, as required by Local Rule 7.6, and, as a result, Defendant filed a motion on September 6, 2011, requesting the Court to deem Defendant's motion uncontested. (Doc. No. 12.) On September 13, 2011, the Court issued an order directing Plaintiff to respond to Defendant's motion to dismiss on or before September 19, 2011. (Doc. No. 14.) On September 19, 2011, Plaintiff filed a brief in opposition to Defendant's motion. (Doc. No. 15.) Defendant filed a response to Plaintiff's brief in opposition on September 21, 2011. (Doc. No. 16.)

Further, Plaintiff filed a brief in support of its motion to amend its complaint on September 12, 2011. (Doc. No. 13.) However, Plaintiff neither attached a copy of its proposed

amended complaint, despite stating in its brief that it had done so, nor filed a motion to amend its complaint, as required by Local Rule 15.1. On October 20, 2011, the Court issued an order directing Plaintiff to file a motion requesting leave to file an amended pleading, fully complying with Local Rule 15.1, on or before October 26, 2011. (Doc. No. 24.) Plaintiff filed a motion for leave to amend its complaint and a brief in support on October 26, 2011. (Doc. Nos. 26, 27.) On November 9, 2011, Defendant filed a brief in opposition to Plaintiff's motion for leave to amend. (Doc. No. 30.)

## II. STANDARD OF REVIEW

Rule 15(a)(2) of the Federal Rules of Civil Procedure states the standard for granting leave to amend a complaint when, as here, a party has not amended its pleading as a matter of course: "a party may amend its pleading only with the opposing party's written consent or the court's leave." Rule 15(a)(2) states that "[t]he court should freely give leave when justice so requires." Id. "The policy favoring liberal amendment of pleadings is not, however, unbounded." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990). Deciding whether to grant or deny a motion for leave to amend is within the discretion of the district court. Bjorgung v. Whitetail Resort, LP, 550 F.3d 263, 266 (3d Cir. 2008). "[A] district court has discretion to deny a request to amend if it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." Hill v. City of Scranton, 411 F.3d 118, 134 (3d Cir. 2005).

## III. DISCUSSION

Plaintiff seeks to amend its complaint to include a cause of action for breach of a third

party beneficiary contract against Defendant. (Doc. No. 27.) Defendant contends that the Court should instead dismiss Plaintiff's claims against it with prejudice because it has been prejudiced by Plaintiff's failure to comply with the Local Rules and the Court's orders. (Doc. No. 16.)

Prejudice to the non-moving party is "the touchstone" for the denial of a request for leave to amend. Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989). "The issue of prejudice requires that we focus on the hardship to the defendants if the amendment were permitted." Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001). "But the non-moving party must do more than merely claim prejudice." Bechtel, 886 F.2d at 652. To state a cognizable claim of prejudice, the defendant must establish that it would be "'unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendment been timely." Arthur v. Maersk, Inc., 434 F.3d 196, 206 (3d Cir. 2006) (internal ellipses and brackets omitted). However, the United States Court of Appeals for the Third Circuit has held that even when a proposed amended complaint adds substantive allegations against a defendant, the defendant is not prejudiced provided that "[t]he evidence required to meet these new allegations is substantially similar to that which was originally required." Dole, 921 F.2d at 488.

Defendant argues that it "has been prejudiced by being forced at every turn to defend itself from Plaintiff's" "failure to prosecute its action, [and] comply with any and all Court Rules." (Doc. No. 16 at 2.) Specifically, Defendant asserts that Plaintiff failed to respond to Defendant's motion to dismiss and the Court's September 13, 2011 order directing Plaintiff to respond to the motion, and that the Plaintiff's September 19, 2011 brief was "out of time and

without leave of Court."[1]  (Id. at 1.)  Defendant's contentions have some merit: Plaintiff failed to file a brief in opposition to Defendant's motion to dismiss in accordance with Local Rule 7.6 and only filed a brief after the Court issued an order to show cause.[2]  (Doc. No. 14.)  Further, Plaintiff filed a brief in support of a motion to amend its complaint (Doc. No. 13), but neglected to file a motion to amend its complaint or attach a copy of its proposed amended complaint.  Plaintiff filed the instant motion to amend and brief in support only after the Court issued an order instructing it to do so (Doc. No. 24).

      The Court finds that Plaintiff's failure to comply with the Local Rules has caused delay and resulted in prejudice to Defendant.  However, for the Court to deny Plaintiff's motion for leave to file an amended complaint, it must find that the prejudice suffered by Defendant is "substantial" or "undue."  Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir. 1993).  "In the absence of substantial or undue prejudice, denial instead must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure the deficiency by amendments previously allowed, or futility of amendment."  Id.  At this early stage in the litigation, with discovery yet to commence, the Court finds that no substantial or undue prejudice will result from granting leave to amend.  Plaintiff's motion for leave to amend, therefore, will be granted, and Defendant's request that the Court dismiss Plaintiff's claims against it for failure

---

[1] Defendant also argues that Plaintiff's September 19, 2011 brief failed to include a responsive motion.  Plaintiff's brief, however, did include a responsive motion.  (Doc. No. 15.)  Further, the Court notes that Local Rule 7.6 requires a party opposing a motion to "file a brief in opposition," not a motion in opposition.  M.D. Pa. L.R. 7.6.

[2] The Court also notes that while Defendant is correct that Plaintiff initially failed to comply with the Local Rules, Plaintiff's September 19, 2011 brief (Doc. No. 15), which responded to Defendant's motion to dismiss, was filed in compliance with the Court's September 13, 2011 order (Doc. No. 14).

to prosecute will be denied.

Finally, Defendant's motion to dismiss (Doc. No. 10) addresses the original complaint and is rendered moot by the filing of the amended complaint. See Pure Country, Inc. v. Sigma Chi Fraternity, 312 F.3d 952, 956 (8th Cir. 2002) ("If anything, [Plaintiff's] motion to amend the complaint rendered moot [Defendant's] motion to dismiss the original complaint."); Standard Chlorine of Del., Inc. v. Sinibaldi, 821 F. Supp. 232, 239-40 (D. Del. 1992) (finding that an amended complaint rendered the defendants' motion to dismiss the original complaint moot).

**ACCORDINGLY**, on this 15th day of November 2011, upon consideration of the foregoing, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's motion for leave to file an amended complaint (Doc. No. 26) is **GRANTED**.

2. Defendant's motion to dismiss (Doc. No. 10) is **DENIED AS MOOT**.

3. Defendant's request for Plaintiff's claims against Defendant Drinks America, Inc. to be dismissed with prejudice (Doc. No. 16) is **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania