## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | : | CIVIL ACTION NO.: 11-1010 |
| | : | (HON. YVETTE KANE, C.J.) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OLIFANT USA, INC., ET AL. | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

## ORDER

AND NOW this _____ day of _____, 2012, upon consideration of Defendant, Drinks America, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint, and any response thereto, it is hereby ORDERED and DECREED that Defendant's Motion is GRANTED, and Drinks America, Inc. is DISMISSED, with prejudice.

_____
Yvette Kane                                               ,J.

# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | : | CIVIL ACTION NO.: 11-1010 |
| | : | (HON. YVETTE KANE, C.J.) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OLIFANT USA, INC., ET AL. | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

## DEFENDANT, DRINKS AMERICA, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Incorporating by reference its attached Memorandum of Law, Defendant, Drinks America, Inc., requests this Honorable Court dismiss said Defendant, with prejudice.

WHEREFORE, Defendant, Drinks America, Inc., requests this Honorable Court grant Defendant's Motion to Dismiss thereby dismissing Defendant, with prejudice.

**WEISBERG LAW, P.C.**


/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | : | CIVIL ACTION NO.: 11-1010 |
| | : | (HON. YVETTE KANE, C.J.) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OLIFANT USA, INC., ET AL. | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, DRINKS' AMERICA, INC.'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

**I.      Operative Facts**

On or about January 15, 2009, co-defendant, Olifant, and Movant-defendant, Drinks, entered into a stock purchase agreement whereby Drinks would purchase all outstanding shares of stock of Olifant. (Plaintiff's Amended Complaint, ¶ 16). Pursuant to the agreement, Drinks was to pay Olifant the outstanding invoices owed to Plaintiff, Wenneker. (¶ 17). The agreement was discounted (¶ 18). Drinks has not paid Olifant's debt. (¶ 19).

**These are the only pertinent averments alleged by Plaintiff to support Plaintiff's amended action against Movant, Drinks.**

**II.     Standard**

In Iqbal, the United States Supreme Court made it clear that in all civil actions in Federal Court, the Complaint "must contain 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009); Fowler v. UPMC Shadyside, 578 F.3d 203 (C.A.3 2009) (quoting Iqbal, at 1950). Thus, "it is clear that conclusory or 'bare-bones' allegations will no longer survive a Motion to Dismiss." Fowler, at 211.

"Where the well-pled facts do not permit the court to infer more than a mere possibility of misconduct, the Complaint has alleged – but it has not 'show[n]' thus 'that the pleader is entitled to relief.'" Iqbal, at 1949 (quoting FRCP 8(a)(2)).  To satisfy the requirement of FRCP 8(a)(2), that a Plaintiff include a short and plain statement of the facts showing that the pleader is entitled to relief, a Plaintiff must aver sufficient factual allegations which "nudge" its claims "across-the-line from conceivable to plausible." Iqbal, at 1951.

A court must not accept bold assertions, unwarranted inferences or sweeping legal conclusions cast in the form of factual allegations.  *See*, In re Rockefeller Ctr. Props., Inc. Sec. Litig, 311 F.3d 198, 215 (C.A.3 2002); Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (C.A.3 1997).

As to Movant-Drinks, Plaintiff's Amended Complaint woefully fails to meet the pleading standards set forth above.

## III. Argument

Without any specificity, Wenneker avers, only, Drinks was to pay Olifant's invoices owed to Wenneker pursuant to a stock purchase agreement between Olifant and Drinks.

In making these conclusory allegations, Wenneker merely references its Amended Complaint's attached Exh. 3(C).

First and foremost, the above is merely conclusory.  Notwithstanding, by merely referencing Exh. 3(C), Plaintiff requires this Honorable Court make unfounded legal conclusions after impermissibly culling of the unreferenced pertinent provisions claimed apparently therein.

Even if this Honorable Court were to engage Wenneker's oblique document references towards an unspecified legal conclusion after review of only its conclusory factual allegations (all impermissible), this Honorable Court would, respectfully, only then come to the conclusion

that <u>Drinks</u> *presumably* reached a stock purchase agreement with <u>Olifant</u>; however, this instant action is not an action by Olifant against Drinks.

Regardless that Plaintiff's Amended Complaint does not even come close to meeting the *Iqbal* standard, there is not even pleaded any wrongful conduct by Drinks against Plaintiff (except for the unsupported conclusion that Drinks did not pay Olifant's debt).

On its face, Plaintiff's Amended Complaint should be dismissed as to Drinks.

If this Honorable Court were to hold Plaintiff's Amended Complaint well-pleaded against Drinks (respectfully, denied), Plaintiff fails to state a cause of action upon which relief may be granted.

To be considered a third-party beneficiary, "it is necessary to show both parties to the contract having intent to benefit the third party through the contract and did, in fact, explicitly indicate this intent in the contract." <u>Ira G. Steffy & Son, Inc. v. Citizen's Bank of Pennsylvania</u>, 7 A.3d 278 (Pa. Super. 2010) (quoting <u>Strutz v. State Farm Mut. Ins. Co.</u>, 609 A.2d 569, 570 (Pa. Super. 1992)).  To sustain a claim of unjust enrichment, a claimant must show that the party against whom recovery is sought either "wrongfully secured or passively received a benefit that would be unconscionable for her to retain."" <u>Nar-Paul Co. v. Jim Thorpe Area School Dist.</u>, 2008 WL 6478564 (Pa. Com. Pl. 2008) (quoting <u>Torchia v. Torchia</u>, 499 A.2d 581, 582 (Pa. Super. 1985)).

Plaintiff factually pleads none of these elements – nor can they be pleaded.

Simply, Plaintiff does not factually aver the elements of unjust enrichment for which it claims liability against Drinks.  Substantially repeating, Plaintiff claims Drinks third-party liable to Plaintiff by its Count III. Plaintiff implicitly makes the impermissible global legal conclusion

that because Co-defendants were parties to the SPA that somehow engenders liability from Drinks to Plaintiff.

Notwithstanding that Plaintiff fails to factually elucidated the elements of unjust enrichment and third-party beneficiary, Plaintiff <u>refuses</u> (despite Defendant's prior Motions so indicating) to factually identify, among others:

1. What provision within the SPA requires Drinks to purchase all outstanding shares of capital stock of Olifant;

2. What provision within the SPA requires Drinks to pay all outstanding invoices owed to Plaintiff;

3. How has Drinks received and benefited from the goods provided by Plaintiff;

4. What goods were provided by Wenneker;

5. What discount was received by Drinks (and why);

6. Why does equity dictate Drinks must pay Wenneker the value of goods that Olifant received from Wenneker;

7. What is the "cash equivalent benefit from the purchase price in the agreement";

8. Why is Wenneker an intended third-party beneficiary of the agreement;

9. Where does it expressly state in the agreement that Wenneker is an intended third-party beneficiary of the agreement?

10. Why is Drinks liable to Plaintiff per an agreement between Drinks and Olifant?

Simply, Plaintiff's Amended Complaint is effectively a restatement of its original Complaint – all in conclusory form without factually meeting the necessary elements of the causes of action it brings against Drinks.

**IV.     Conclusion**

All allegations pleaded against Drinks do not meet FRCP 8's pleading standard per Iqbal. Wenneker's Complaint is the definition of "bare-bones" with, as to Movant, only conclusory allegations requiring unspecified contractual interpretation leading to impermissible conclusions of law. Simply, this is specifically the type of Complaint prohibited by the above standard.

In the alternative, even if a third-party beneficiary relationship and unjust enrichment were well-pleaded, Plaintiff's like pleading would be required to be dismissed per FRCP 12(b)(6): none of the elements to plead such a cause of action are present.

Simply, it appears Olifant owes Plaintiff money. It also appears Drinks owes Olifant money. However, there is no bridge linking Drinks to Wenneker.

WHEREFORE, Defendant, Drinks America, Inc., requests this Honorable Court grant Defendant's Motion to Dismiss thereby dismissing Defendant, with prejudice.

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | : | CIVIL ACTION NO.: 11-1010 |
| | : | (HON. YVETTE KANE, C.J.) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OLIFANT USA, INC., ET AL. | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

**CERTIFICATE OF SERVICE**

I, Matthew B. Weisberg, Esquire, hereby certify that on this 17th day of February, 2012, a true and correct copy of the foregoing Defendant, Drinks America, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint and Memorandum of Law in support thereof was served via ECF and regular mail, respectively, upon the following parties:

Bernstein Law Firm, P.C.
707 Grant Street, Suite 2200
Gulf Tower
Pittsburgh, PA 15219
C/o Shawn McClure

Olifant USA, Inc.
P.O. Box 1259
Camp Hill
Cumberland County, PA 17001

**WEISBERG LAW, P.C.**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esquire
Attorney for Plaintiffs

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | : | CIVIL ACTION NO.: 11-1010 |
| | : | (HON. YVETTE KANE, C.J.) |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| OLIFANT USA, INC., ET AL. | : | |
| | : | |
| Defendants. | : | **JURY TRIAL DEMANDED** |

**DEFENDANT'S CERTIFICATION OF NON-CONCURRENCE**

I, Matthew B. Weisberg, Esquire, certify that the within motion is: not concurred.

          **WEISBERG LAW, P.C.**

          /s/ Matthew B. Weisberg
          Matthew B. Weisberg, Esquire
          Attorney for Plaintiffs