IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **WENNEKER DISTILLERIES,** : | |
|     Plaintiff : | |
| : | Civil Action No. 1:11-cv-01010 |
| v. : | |
| : | (Chief Judge Kane) |
| **OLIFANT USA, INC., and** : | |
| **DRINKS AMERICA, INC.,** : | |
|     Defendants : | |

## MEMORANDUM ORDER

Presently pending before the Court are a motion to dismiss (Doc. No. 40) and a motion to strike (Doc. No. 47) filed by Defendant Drinks America, Inc. For the reasons stated more fully herein, the Court will deny the motion to dismiss and grant the motion to strike in part and deny the motion to strike in part.

**I.   BACKGROUND**[1]

Plaintiff Wenneker Distilleries ("Wenneker") alleges that, upon the request of Defendant Olifant USA, Inc. ("Olifant"), it sold goods, wares, and merchandise to Olifant, which Olifant received and accepted. (Doc. No. 35 ¶¶ 7, 9.) Olifant received copies of invoices stating the prices of these items, which Wenneker asserts were "fair, reasonable, and market prices that prevailed at the time of the transactions" and to which Olifant agreed. (Id. ¶¶ 8, 10-11.)

On or about January 15, 2009, Olifant and Defendant Drinks America, Inc. ("Drinks") entered into a stock purchase agreement ("the Agreement") under which Drinks agreed to

---

[1] In stating the relevant facts, the Court must accept Plaintiff Wenneker Distilleries's factual allegations as true and will "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of Am., 361 F.3d 217, 221 n.3 (3d Cir. 2004); see also Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008).

purchase all outstanding shares of Olifant's capital stock for $1.2 million dollars and to pay all outstanding invoices owed to Wenneker.  (Id. ¶¶ 16-17, 22.)  Wenneker asserts that Drinks "has received and benefitted from the goods provided by Wenneker to Olifant in that Drinks['s] purchase price under the Agreement was discounted to account for Drinks['s] assumption of the liability owed to Wenneker."  (Id. ¶ 18.)

Wenneker filed an amended complaint in this action on January 12, 2012.  (Doc. No. 35.)  On February 17, 2012, Drinks filed a motion to dismiss and a brief in support.  (Doc. Nos. 40, 41.)  Wenneker filed a brief in opposition on March 14, 2012.  (Doc. No. 43.)  Wenneker also filed a "response" to the motion to dismiss on March 15, 2012.  (Doc. No. 45.)  Drinks filed a motion to strike Drinks's response and to dismiss this action for failure to prosecute on March 21, 2012.  (Doc. Nos. 47, 48.)

## II.   STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In reviewing a motion to dismiss, a court may "consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim."  Lum, 361 F.3d at 221 n.3.  The motion will only be properly granted when, taking all factual allegations and inferences drawn therefrom as true, the moving party is entitled to judgment as a matter of law.  Markowitz v. Ne. Land Co., 906 F.2d 100, 103 (3d Cir. 1990).  The burden is on the moving party to show that no claim has been stated.  Johnsrud v. Carter, 620 F.2d 29, 33 (3d Cir. 1980).  Thus, the moving party must show that Plaintiff has failed to "set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that those elements exist."  Kost, 1

F.3d at 183 (citations omitted). A court, however, "need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Indeed, the United States Supreme Court has held that while the 12(b)(6) standard does not require "detailed factual allegations," there must be a "'showing,' rather than a blanket assertion of an entitlement to relief . . . . [F]actual allegations must be enough to raise a right to relief above the speculative level.'" Phillips, 515 F.3d at 231-32 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Put otherwise, a civil complaint must "set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcroft v. Iqbal, 556 U.S. 662 (2009)).

### III.   DISCUSSION

#### A.   Motion to Dismiss

In its amended complaint, Wenneker raises third party beneficiary and unjust enrichment claims against Drinks. (Doc. No. 35.) Regarding the third party beneficiary claim, third party beneficiaries, along with the parties to a contract, can enforce the terms of that contract. See Chen v. Chen, 893 A.2d 87, 89 n.5 (Pa. 2006). Under Pennsylvania law:

> [A] party becomes a third party beneficiary only where both parties to the contract express an intention to benefit the third party in the contract itself, unless, the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties, and the performance satisfies an obligation of the promisee to pay money to the beneficiary or the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.

Scarpitti v. Weborg, 609 A.2d 147, 150-51 (Pa. 1992) (internal citations omitted). In this case, Wenneker alleges that it was a third party beneficiary of the Agreement between Drinks and

Olifant and, therefore, has the right to enforce certain terms of the Agreement.  To support this allegation, Wenneker points to the third paragraph of the Agreement, which states in part: "[Drinks] specifically agrees that it will, and upon the Closing, assume those certain liabilities and obligations contained in the Financial Statements and as fully set forth in Schedule 'C' attached before and made a part hereof (the 'Assumed Liabilities') including, without limitation, those certain accounts payable to Wenneker Distilleries."  (Doc. No. 35-3 at 5.)  Schedule C, titled "Assumed Liabilites," lists sixteen unpaid invoices owed to Wenneker.  (Id. at 12.)  Despite Drinks's arguments to the contrary, the Court finds that Wenneker has sufficiently pled a third party beneficiary claim and, therefore, will deny Drinks's motion to dismiss this claim.

Next, Drinks moves to dismiss Wenneker's unjust enrichment claim.  The Court recognizes that an unjust enrichment claim "is an appropriate alternative avenue for relief for the plaintiff to seek in the event no valid contract existed between [the parties]." Cornell Cos. v. Borough of New Morgan, 512 F. Supp. 2d 238, 265 (E.D. Pa. 2007).  Under the doctrine of unjust enrichment, "the law implies that a contract exists when a party is found to have been unjustly enriched; the doctrine requires the offending party to pay the plaintiff the value of the benefit he has conferred on the defendant." Com. ex rel. Pappert v. TAP Pharma. Prods., Inc., 885 A.2d 1127, 1137 (Pa. Commw. Ct. 2005).  To state a claim that Drinks has been unjustly enriched, Wenneker must allege that: (1) Wenneker established a benefit on Drinks; (2) Drinks appreciated the benefit; and (3) "acceptance and retention by [Drinks] of the benefits, under the circumstances, would make it inequitable for [Drinks] to retain the benefit without paying for the value of the benefit." Id.

Although Drinks does not explicitly contend that the Agreement between Drinks and

Olifant is not valid, the Court finds that Drinks may still dispute its validity and, therefore, discovery may be necessary to resolve this issue. In the event that the parties agree, or discovery shows, that the Agreement is valid, the unjust enrichment claim must fail. See Styer v. Hugo, 619 A.2d 347, 350 (Pa. Super. Ct. 1993) (an unjust enrichment claim may only arise in the absence of a valid contract). If the Agreement is found to be unenforceable, however, the unjust enrichment claim remains viable because Wenneker has sufficiently pled that: (1) Wenneker sold items to Olifant; (2) Drinks accepted and retained those items when purchasing the outstanding shares of Olifant at a discounted price; and (3) Wenneker has not been compensated for the sale of these items. (Doc. No. 35 ¶¶ 18-20.) Wenneker need not have directly conferred a benefit on Drinks in order to state an unjust enrichment claim. See Baker v. Family Credit Counseling Corp., 440 F. Supp. 2d 392, 420 (E.D. Pa. 2006) (collecting cases). Accordingly, the Court will deny Drinks's motion to dismiss this claim.

### B.     Motion to Strike and Dismiss this Action for Failure to Prosecute

The Court will next write briefly to address Drinks's motion to strike Wenneker's response to Drinks's motion to dismiss and its request that this action be dismissed for failure to prosecute. (Doc. No. 47.) Regarding Drinks's motion to strike Wenneker's response, the Court notes that Wenneker filed a brief in opposition to Drinks's motion to dismiss on March 14, 2012 (Doc. No. 43) and a response on the following day (Doc. No. 45). The latter document contains a copy of the previously filed brief in opposition as well as a six-page response to Drinks's motion to dismiss, which largely restates the arguments raised in the brief in opposition. Because the Local Rules do not permit a party to file more than one brief in opposition to a motion, the Court will strike Wenneker's response as a duplicative filing.

Finally, in its brief in support of its motion to strike, Drinks requests that the Court dismiss this action because Wenneker has failed to prosecute this action. (Doc. No. 48.) In support of this request, Drinks contends that Wenneker has failed to timely file documents in accordance with the Local Rules and Court orders. (Id.) During the course of this litigation, Wenneker has, indeed, failed to file several documents in accordance with the Local Rules, causing procedural delays. (See Doc. Nos. 14, 24, 42.) Dismissal of an action for failure to prosecute, however, is a severe remedy that is not warranted at this juncture. Briscoe v. Klaus, 538 F.3d 2542, 258 (3d Cir. 2008). Wenneker's conduct in this action, despite causing some procedural delays, does not indicate an intention to cease moving forward with this litigation. Accordingly, the Court will deny Drink's motion to dismiss this action for failure to prosecute but admonishes counsel for Wenneker that future instances of failure to follow the Local Rules of this Court and to heed deadlines established by the Court will result in sanctions.

**ACCORDINGLY**, on this 19th  day of June 2012, **IT IS HEREBY ORDERED THAT:**

1. Defendant Drinks America, Inc.'s motion to dismiss Plaintiff Wenneker Distilleries's amended complaint (Doc. No. 40) is **DENIED**; and

2. Defendant Drinks America, Inc.'s motion to strike (Doc. No. 47) is **GRANTED** to the extent it seeks to strike Document No. 45 as a duplicative filing. The motion is **DENIED** to the extent it seeks to dismiss this action for failure to prosecute.

 S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania