IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | : | Case No. 1:11-cv-01010 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| OLIFANT USA, INC., and | : | |
| DRINKS AMERICA, INC., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

**April 1, 2013**

This memorandum sets forth the reasons for the Court's ORDER conditionally granting counsel's motion to withdraw.

In considering a motion to withdraw as counsel, the Court is guided by Pennsylvania's Rules of Professional Conduct. See L.R. 83.23.2 (adopting Pennsylvania's Rules of Professional Conduct). The Rules establish grounds for withdrawal when "the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled," or when "the representation will result in an unreasonable financial burden on the lawyer or has

1

been rendered unreasonably difficult by the client." Pa. Rules of Prof'l Conduct R. 1.16(b)(5) & (b)(6). Counsel's memorandum in support of the motion explains that Drinks America, Inc. ("Drinks America" or "client") has "effectively abandoned its counsel's representation" by repeatedly failing to respond to counsel's communications, including warnings that counsel would withdraw if Drinks America continued to be nonresponsive. (Rec. Doc. No. 68). This states the requisite "good cause" for withdrawal.[1]

The Court, however, "may refuse to grant a motion for leave to withdraw unless substitute counsel has entered an appearance," L.R. 83.15, and "[w]hen ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation." Pa. Rules of Prof'l Conduct R. 1.16(c). Whether – despite good cause – withdrawal should be conditioned on the appearance of substitute counsel is an especially pertinent question in cases such as this one because "'[i]t has been the law for the better part

---

[1] Counsel's motion also alludes to a conflict of interest that "may" exist, but the memorandum in support of the motion fails to adequately explain this purported basis for withdrawal. To the extent that counsel determines that a conflict of interest makes withdrawal appropriate, counsel should submit another motion including an explanation sufficient to allow the Court to make an informed ruling.

of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.'" United States v. Cocivera, 104 F.3d 566, 572 (3d Cir. 1996), quoting Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993). Allowing a corporation's attorney to withdraw without a substitute could effectively bring the progress of this case to a standstill.

In Buschmeier v. G&G Inv., Inc., 222 Fed. App'x 160 (3d Cir. 2007), the Third Circuit elucidated the "proper withdrawal calculus for a district court to perform when the client is a corporation," concluding that "[a] law firm is entitled to withdraw once the firm demonstrates that the ordinary rules of withdrawal have been met and its appearance serves no meaningful purpose." Id. At 164. Counsel's motion does not meet this burden at this time. If nothing else, counsel now serves the "meaningful purpose" of informing Drinks America of the risks associated with this Court granting counsel's withdrawal without Drinks America having obtained substitute counsel, including default judgment if the conduct of Drinks America ultimately results in its failure to appear, in lack of preparedness, or in noncompliance with applicable rules or orders of the Court. See L.R. 83.3.1(a).

The Court notes, however, that if Drinks America continues to be nonresponsive to counsel's communications in the face of these stark warnings,

then it becomes harder to see what meaningful purpose counsel serves and granting a motion to withdrawal may be appropriate.

s/ Matthew W. Brann  
Matthew W. Brann  
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | : | Case No. 1:11-cv-01010 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| OLIFANT USA, INC., and | : | |
| DRINKS AMERICA, INC., | : | |
| | : | |
| Defendants. | : | |

**ORDER**

AND NOW, this 1ˢᵗ day of April, 2013, it is hereby **ORDERED** that the motion of counsel for defendant Drinks America, Inc. ("Drinks America" or "client"), to withdraw is GRANTED on the condition and as of the date that substitute counsel for Drinks America files a notice of appearance in this matter. In the nature of a conditional grant, if the aforesaid condition is not met, then the motion is denied. Counsel for Drinks America is further ORDERED to promptly inform client that the Court is inclined to permit counsel to withdraw in the future, regardless of whether client has obtained substitute counsel, if the Court learns – by way of a second motion to withdraw that counsel is hereby GRANTED leave to file on or after May 1, 2013 – that client continues to be nonresponsive to

counsel's communications. Counsel for Drinks America is further ORDERED to inform client that client, as a corporate defendant, is not permitted to represent itself, and that failure to timely communicate with current counsel or obtain substitute counsel puts client at ultimate risk of having a default judgment ordered against it. See L.R. 83.3.1(a).

s/ Matthew W. Brann  
Matthew W. Brann  
United States District Judge