IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | : | Case No. 1:11-cv-01010 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| OLIFANT USA, INC., and | : | |
| DRINKS AMERICA, INC., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

On January 17, 2014, Plaintiff Wenneker Distilleries (hereinafter, "Wenneker") filed for an entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(1) and Middle District of Pennsylvania Local Rule 83.3 (ECF No. 104). Because Plaintiff moved for default judgment without first requesting entry of default, Plaintiff's motion is DENIED without prejudice with leave to re-file following an entry of default.

**I. BACKGROUND**

Plaintiff initiated the above-captioned action on May 25, 2011 with the filing of a complaint against Defendants Olifant USA, Inc (hereinafter, "Olifant") and Drinks America, Inc (hereinafter, "Drinks America") (ECF No. 1). Wenneker has already obtained an entry of default and a default judgment against Olifant (ECF

Nos. 90 and 101). Wenneker has since filed a motion for entry of default judgment against Drinks America on January 17, 2014 (ECF No. 104) based on its failure to respond to Plaintiff and to otherwise cooperate in the litigation. This motion is presently before the Court.

## II. DISCUSSION

Federal Rule of Civil Procedure 55 describes the two-step process for obtaining a default judgment. *See* Fed. R. Civ. P. 55. "The first step, entry of default, is a ministerial matter performed by the clerk and is a prerequisite to a later default judgment." 10 James Wm. Moore et al., Moore's Federal Practice, § 55.10[1] (Matthew Bender 3d ed.). Only after default is entered can the clerk proceed to the second step, entry of default judgment for damages and costs. See, e.g., Husain v. Casino Control Comm'n, 265 F. App'x 130, 133 (3d Cir. 2008) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)." (citing 10 Charles Alan Wright et al., Federal Practice & Procedure § 2682 (2007))); Limehouse v. Delaware, 144 Fed. Appx. 921 (3d Cir. 2005) (denying plaintiff's motion for default judgment where plaintiff had failed to previously request entry of default). Here, the Clerk has not entered default before Wenneker filed its motion for default judgment; therefore, the Court will deny Wenneker's motion for entry of default judgment against Drinks America (ECF No. 104), without prejudice with leave to

re-file.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge