IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | : | Case No. 1:11-cv-01010 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| OLIFANT USA, INC., and | : | |
| DRINKS AMERICA, INC., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
December 3, 2014

On November 5, 2014, plaintiff Wenneker Distilleries (hereinafter,

"Wenneker") filed for an entry of default judgment pursuant to Fed. R. Civ. P.

55(b)(2). (ECF No. 112). The record shows that defendant Drinks America, Inc.

(hereinafter, "Drinks America") was duly served by service upon an officer,

Charles Davidson (Aff. of Service, July 22, 2011, ECF No. 4).  Drinks America did

file a response to Plaintiff's Amended Complaint on August 3, 2012 (ECF No. 55),

but thereafter failed to respond to any of Plaintiff's discovery requests.  Since then,

Drinks America has failed to respond to all correspondence and orders of this

Court.  The clerk entered default on December 2, 2014 (ECF No. 113).

Accordingly, entry of default judgment against Drinks America is

appropriate, see Anchorage Assoc. v. Virgin Islands Bd. Of Tax Review, 922 F.2d

168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."), with the upshot that "'the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true,'" Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citing 10 Charles Alan Wright et al., Federal Practice & Procedure § 2688 (2d ed. 1983). When the allegations of the amended complaint (Jan. 12, 2012, ECF No. 35) are taken as true, they establish that Drinks America breached an agreement with Wenneker by failing to pay for goods delivered.

With respect to damages, Wenneker has submitted uncontested evidence (see Exs., Jan. 17, 2014, ECF Nos. 104-4 — 104-6) showing that, as of September 16, 2010 – when Drinks America entered default on its debts to Wenneker – Drinks America owed Wenneker $228,748.62, plus 6% simple interest per annum, to which Wenneker is entitled under Pennsylvania law. See Fernandez v. Levin, 519 Pa. 375, 379, 548 A.2d 1191 (1988).  The Court will consequently order judgment in this amount.

BY THE COURT:

s/ Matthew W. Brann
Matthew W. Brann
United States District Judge