IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WENNEKER DISTILLERIES, | : | Case No. 1:11-cv-01010 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | |
| | : | |
| OLIFANT USA, INC., and | : | |
| DRINKS AMERICA, INC., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
February 11, 2015

## I. BACKGROUND

On May 25, 2011, Plaintiff Wenneker Distilleries (hereinafter "Wenneker") initiated the above-captioned action against Defendants Drinks America, Inc. (hereinafter "Drinks America") and Olifant USA, Inc. (hereinafter "Olifant USA") by filing a Complaint (ECF No. 1) in this Court alleging breach of contract and unjust enrichment. Though Olifant USA failed to defend the action from the outset, Drinks America initially participated by filing several motions to dismiss and eventually an Answer (ECF No. 55) to Plaintiff's Amended Complaint (ECF No. 35) in which it also asserted a cross-claim against Olifant USA, alleging entitlement to contribution and/or indemnification.

On February 22, 2013, after learning that Drinks America was going out of business, counsel for Drinks America filed a motion to withdraw based on the continual unresponsiveness of their client (ECF No. 68). On April 1, 2013, this Court contingently granted that motion on the condition and as of the date that substitute counsel for Drinks America filed a notice of appearance (ECF No. 78). Counsel for Drinks America continued to attempt to withdraw, despite the failure of Drinks America to obtain substitute counsel (ECF Nos. 81, 84, 87).

On July 16, 2013, this Court unconditionally granted Drinks America's counsel's motion to withdraw; however, it again ordered Drinks America to obtain substitute counsel (ECF No. 90). Nevertheless, Drinks America failed to obtain new counsel, and all correspondence addressed to it was returned as undeliverable (ECF Nos. 95, 103, 108). On December 2, 2014, default was entered against Drinks America (ECF No. 113), and on December 3, 2014 this Court granted judgment in favor of Wenneker and against Drinks America in the amount of $228,748.62 together with 6% simple interest per annum (ECF No. 116).

Following the entry of default judgment, this Court entered an Order directing Drinks America to apprise the Court of the status of its cross-claim against Olifant USA by February 5, 2015, further notifying the company that its unresponsiveness would result in involuntary dismissal of its cross-claim. Having failed to respond, this Court will now dismiss Drinks America's cross-claim with

prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure in accordance with the following reasoning.

## II. DISCUSSION
### A. Failure to Prosecute Standard

Federal Rule of Civil Procedure 41(b) permits a District Court to dismiss a plaintiff's case for failure to prosecute. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits."); *see also Link v. Wabash R. Co.*, 370 U.S. 626, 630-31(1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."). Dismissal of an action is a matter entrusted to the discretion of the trial court. *See Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 870 (3d Cir. 1994). However, dismissal with prejudice is a drastic sanction; therefore, "it is imperative that the District Court have a full understanding of the surrounding facts and circumstances pertinent to the *Poulis* factors before it undertakes its analysis." *Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008).

The United States Court of Appeals for the Third Circuit has instructed that when determining whether dismissal is appropriate, the court must weigh the following factors (hereinafter, the "*Poulis* factors"): (1) the extent of the party's responsibility; (2) the prejudice to the adversary caused by the party's action or inaction; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. *See Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984); *see also Briscoe*, 538 F.3d at 258 (reaffirming the *Poulis* factors). "While no single *Poulis* factor is dispositive, [the Third Circuit] has also made it clear that not all of the *Poulis* factors need be satisfied in order to dismiss a complaint." *Briscoe*, 538 F.3d at 265 (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003) and *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

**B. Application of the *Poulis* Factors**

The Court is persuaded that Defendant Drinks America's conduct satisfies the *Poulis* factors and that its remaining counterclaim should be dismissed. The first factor requires the Court to determine whether Drinks America itself is responsible for the dilatory conduct. Drinks America initially entered its appearance in this litigation and filed a motion to dismiss, which was denied on June 19, 2012. On August 3, 2012, Drinks America filed an answer to Plaintiff's

amended complaint and asserted a cross-claim against co-defendant Olifant USA. Drinks America then continued to participate in this litigation until February 22, 2013, when counsel for Drinks America moved to withdraw based on the unresponsiveness of their client and after learning that Drinks America was going out of business. Since that date, despite multiple attempts at communication by this Court, and despite the entry of default and default judgment, Drinks America has failed to respond or participate in this litigation. It is evident that Drinks America is entirely responsible for its own failure to prosecute its cross-claim, especially since counsel was permitted to withdraw and Drinks America has declined to employ new counsel on its behalf. Thus, the first factor weighs in favor of dismissal.

The second factor requires the Court to consider whether there is prejudice to the adversary caused by the party's actions or inaction. Because Drinks America's adversary on their cross-claim, Olifant USA, has failed to enter an appearance in this litigation from its initiation, this Court cannot find that there has been any prejudice to Olifant USA by Drinks America's inaction. As such, this factor weighs against dismissal.

The third and fourth factors require the Court to assess whether there has been a history of dilatoriness and whether Drinks America's conduct was either willful or in bad faith. The Court must consider a party's conduct over the course

of the entire case in assessing dilatoriness.  *See Adams*, 29 F.3d at 875.  As previously stated, Drinks America has been inactive and unresponsive in this litigation for two years, despite numerous attempts by this Court and by other parties to contact it, including an Order by this Court to apprise the Court of the status of its cross-claim after the entry of default judgment.  The Court also concludes that Drinks America's conduct was willful and not the result of simple neglect.  Having entered an appearance and an answer in the action, it is clear that Drinks America was aware of the litigation and its role in it.  After going out of business, the company simply stopped responding to communications from its attorney, and all mail sent by the Court was returned as undeliverable.  Accordingly, these two factors weigh in favor of dismissal.

     Under the fifth factor, this Court notes that Drinks America was given ample opportunity in the previous two years to respond to the litigation and to prosecute its cross-claim.  However, at every opportunity Drinks America has failed to respond and was ultimately determined by this Court to be in default.  It failed entirely to take action on its pending cross-claim.  Therefore, the Court concludes that lesser measures, such as monetary sanctions or ordering Drinks America to respond would be futile and ineffective, as this Court has already imposed these penalties and Drinks America has continually failed to litigate.

Finally, because Drinks America has failed in any way to take action on its counterclaim, this Court has little inclination as to its merits.  However, because the inclusion of this factor is largely neutral and will not alter the balance of the *Poulis* factors, this Court will assume in evaluating the sixth factor that Drinks America's claim does have merit.  Nevertheless, after reviewing all factors, this Court finds that the majority of the *Poulis* factors weigh in favor of dismissing the cross-claim.

### III. CONCLUSION

In light of the foregoing, Drinks America's cross-claim against Olifant USA is dismissed with prejudice.

BY THE COURT:

<u>s/ Matthew W. Brann</u>
Matthew W. Brann
United States District Judge